**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| POLITO R., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO,[1] | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO.  24-6050 |

**<u>MEMORANDUM</u>**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                    June 30, 2026

Polito R. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final

decision of the Commissioner of the Social Security Administration ("the Commissioner"),

denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income

under Titles II and XVI of the Social Security Act.  Plaintiff has filed a brief in support of his

request for review, the Commissioner has responded to it, and Plaintiff has filed a reply.  For the

reasons set forth below, Plaintiff's request for review is denied.

## I.      PROCEDURAL HISTORY[2]

Plaintiff filed his DIB and SSI claim on January 27, 2020, alleging that his disability began

on February 29, 2016.  R. 141.  Plaintiff's claims were denied initially and upon reconsideration;

hence, he requested a hearing before an administrative law judge.  *Id.*  A telephonic hearing was

held before administrative law judge Margaret M. Gabell ("the ALJ"), on July 12, 2021.  *Id.*

---

[1] Frank Bisignano became Commissioner of the Social Security Administration on May 7, 2025.  Pursuant to Fed. R. Civ. P. 25(d), Mr. Bisignano is substituted as Defendant in this suit and, pursuant to the last sentence of 42 U.S.C. § 405(g), no further action needs to be taken to continue this suit.

[2] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record.  ("R.").

Plaintiff, represented by an attorney and a vocational expert testified at the hearing. R. 19-46. The ALJ, applying the sequential evaluation process ("SEP") for disability,[3] denied relief, on September 9, 2021. R. 141-54. On December 12, 2022, the Social Security Administration's Appeals Council remanded the case to the ALJ for correction of several errors. R. 162-63.

On July 24, 2023, the ALJ held another telephonic hearing. R. 169. Plaintiff, represented by an attorney, and vocational expert Brian Bierly ("the VE") testified at the hearing. R. 51-73. Again applying the SEP, the ALJ denied relief, on August 30, 2023. R. 169-83. This time, the Appeals Council adopted the ALJ's findings and determined that Plaintiff was not disabled, on September 27, 2024. R. 4-7. Next, Plaintiff sought judicial review in this court. The parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).[4]

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

[4] This case was originally assigned to the Honorable Elizabeth T. Hey. Upon Judge Hey's retirement, the case was transferred to the undersigned.

## II.   FACTUAL BACKGROUND

A.   Personal History

Plaintiff, born on July 31, 1967, R. 19, was 56 years old on the date of the ALJ's second decision.  He resides with his adult daughter and her three children, ages two, four, and eight.  R. 59-60, 63.

B.   Plaintiff's Testimony

At the July 24, 2023 administrative hearing, Plaintiff testified about his impairments.  R. 51-69.  He suffers from carpal tunnel syndrome, thumb tendonitis, arthritis in his middle finger, and clawing in pinky, all on his dominant, left hand.  R. 52, 54.  To treat these problems, Plaintiff has received multiple injections in each affected area.  R. 54.  As a result of his left hand conditions, he has lost grip strength and can only write for a couple minutes at a time.  R. 52-53.  In the last year, Plaintiff has developed right wrist pain, but he has not had any treatment for it yet.  R. 55.

Plaintiff suffers from neck and back pain and right knee pain that travels down his leg.  R. 53-55.  His neck pain is constant and worsens if he looks up or down for extended periods of time or turns his neck suddenly.  R. 53.  When walking more than a couple blocks, Plaintiff experiences back spasms and pain in his right knee that radiates down to the ball of his foot so that he cannot walk without a limp.  R. 55.  This back and knee pain is also triggered if Plaintiff is slumped over while performing a task, such as mopping.  R. 55.  Plaintiff takes prescription medication, has received two injections in his right knee, and has undergone physical therapy twice, all to no avail.  R. 56.

Plaintiff underwent left side rotator cuff repair surgery in 2019; however, his right shoulder pain is worsening, and he awaits obtaining an appointment with a specialist.  R. 57-58, 68.  As a result of shoulder pain, he can no longer lift overhead; he can reach forward and downward, but

3

not to the side.  R. 58.

Anxiety and depression cause Plaintiff to avoid crowds, especially those that include strangers.  R. 59-60.  Plaintiff typically consumes four beers a day; about twice per week, he consumes six to seven beers in a day.  R. 63.  He receives alcohol counseling through the Veteran's Administration.  R. 64.

Plaintiff cares for his eight year old grandson every day; he cares for his two and four year old grandchildren three days a week for approximately two to three hours each day.  R. 59, 61-62.  To clarify work after his alleged onset date, Plaintiff, testified that the past four to five years he has not performed any physical labor for his landlord friend.  R. 64-66.  Instead, the landlord calls him if a tenant complains, Plaintiff goes to the affected apartment to assess the problem and then calls the landlord so that she can contact the appropriate repairperson.  R. 65-66.

C.    Vocational Testimony

The ALJ instructed the VE to accept the prior vocational expert's characterization of Plaintiff's past work as:  (1) electronics inspector, a light,[5] semi-skilled[6] job; (2) furnace cleaner, a medium,[7] unskilled[8] job; (3) truck driver helper, a heavy,[9] unskilled job; (4) flagger, a light, unskilled job; (5) roofer, a medium, skilled[10] job; (6) house repairer, a medium, skilled job; and

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b).

[6] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties."  20 C.F.R. §§ 404.1568(b), 416.968(b).  It is less complex than skilled work but more complex than unskilled work.  *Id.*  "A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks."  *Id.*

[7] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. §§ 404.1567(c), 416.967(c).

[8] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.  The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs."  20 C.F.R. §§ 404.1568(a), 416.968(a).

[9] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds."  20 C.F.R. §§ 404.1567(d), 416.967(d).

[10] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced.  …

4

(7) construction worker, a very heavy,[11] unskilled job.  R. 51.

The ALJ asked the VE to consider a person who has Plaintiff's work experience, was able to perform medium work, with additional limitations:  frequent reaching, handling or fingering; occasional overhead reaching and lifting; occasional postural activities; occasional exposure to extreme heat, cold, dust, odors, wetness, gases, fumes, and poorly ventilated areas.  R. 69.  The VE opined that this individual could only perform Plaintiff's past electronics inspector job.  R. 69.  The VE further opined that no skills acquired in that job would be transferrable to other work.  R. 69.  The VE, next, opined that, if this person was limited to light work, he, nevertheless, could perform the electronics inspector job.  R. 69-70.

The VE provided alternative jobs that the individual could perform at the light and medium levels of exertion.  R. 70.  The VE opined that three, medium, unskilled jobs could be performed: (1) machine feeder, 110,000 positions in the national economy; (2) utility worker, 85,000 positions in the national economy; and (3) industrial sweeper, cleaner, 73,000 positions in the national economy.  R. 70.  Also, the person could perform three, light, unskilled jobs:  (1) electrical assembler, 39,000 positions in the national economy; (2) small products assembler, 49,000 positions in the national economy; and (3) hand packager, 41,000 positions in the national economy.  R. 70.

Further limitation to unskilled work, involving simple, routine tasks, making simple decisions, tolerating only occasional changes in the workplace, and tolerating frequent interaction with supervisors, coworkers and the public, would preclude all of Plaintiff's past work, but would not restrict performance of the six medium and light jobs previously identified.  R. 71.

---

Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. §§ 404.1568(c), 416.968(c).

[11] "Very heavy work involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds."  20 C.F.R. §§ 404.1567(e), 416.967(e).

Additionally, the VE opined that, if an individual needed two to three rest breaks of ten to fifteen minutes daily, in addition to normally scheduled breaks, he could not maintain employment.  R. 71.  Likewise, if the person would miss two to three days of work per month, he would not be employable.  R. 71.  Finally, the VE stated that his testimony was consistent with the Dictionary of Occupational Titles ("DOT"), except for certain limitations or functions, such as overhead reaching, which the DOT did not address.  R. 71.  His testimony as to those areas was based upon his 35 years of experience in the field of vocational research and work.  R. 71.

### III.    THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2022.

2. [Plaintiff] has not engaged in substantial gainful activity since February 29, 2016, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. [Plaintiff] has the following severe impairments: degenerative joint disease of the cervical spine; rotator cuff tear status post-surgical repair; asthma; adjustment disorder with mixed anxiety and depression and alcohol abuse (20 CFR 404.1520(c) and 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except frequent reaching, handling and fingering; occasional overhead reaching and lifting; occasional postural [activities]; can tolerate occasional exposure to extreme heat, cold, dust, odors, wetness, gases, fumes and poorly ventilated areas and limited to unskilled work and jobs performing simple,

6

routine tasks, making simple decisions; tolerating occasional changes in the workplace; [tolerating] frequent interaction with coworkers, supervisors and the public.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Plaintiff] was born on July 31, 1967, and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. [Plaintiff] subsequently changed age categories to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework for supports a finding that [Plaintiff] is "not disabled," whether or not [he] has transferrable job skills (see SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569, 416.969, and 416.969a).

11. [Plaintiff] was not under a disability, as defined in the Social Security Act, from February 29, 2016, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

R. 171-74, 181-83.

## IV. DISCUSSION

A. <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of

7

evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.      Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy."  *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments.  *Heckler*, 461 U.S. at 460.  Under the second method, Plaintiff must initially

8

demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.      Review of the Administrative Law Judge's Decision

Applying the SEP, the ALJ determined that, although Plaintiff could not perform any of his past relevant work, he could perform three, medium, unskilled jobs, and, hence, was not disabled. R. 169-83. Plaintiff disputes the ALJ's decision and argues that the ALJ erred by: (1) failing to resolve a conflict between the VE's testimony and the DOT; and (2) failing to quantify, in the residual functional capacity ("RFC") assessment, precisely how long Plaintiff could stand and walk. Pl. Br. at 3-10. The Commissioner denies Plaintiff's claims of error. Resp. at 4-14. This court finds that neither of Plaintiff's arguments have merit.

1.  There was no Unresolved Conflict with the DOT

Plaintiff first argues that the ALJ failed to resolve a conflict between the VE's testimony and the DOT. Pl. Br. at 3-6. This argument fails, because there was no unresolved conflict; instead, the VE provided adequate explanation that the DOT omitted consideration of certain limitations, and why his testimony could be accepted.

Plaintiff maintains that there was a conflict with the DOT, because the DOT defines all three medium jobs the VE identified –machine feeder, utility worker and industrial sweeper, cleaner – as requiring frequent reaching. This requisite conflicted with the VE's testimony that these jobs could be performed with a limitation to occasional overhead reaching. However, when

the ALJ questioned the VE concerning whether his testimony was consistent with the DOT, the VE explained that it was, except for those areas that were not directly addressed in the DOT; he expressly identified overhead reaching as being such an area. R. 71. The VE stated that his testimony concerning those areas was based upon his 35 years of experience in the vocational field. R. 71.

The VE's testimony is precisely the type of evidence Social Security Ruling ("SSR") 00-4p contemplates. *See* SSR 00-4p, 2000 WL 1898704, *2 (explaining that, if a conflict between the VE's testimony and the DOT is identified, the ALJ must obtain a reasonable explanation from the VE). SSR 00-4p explicitly states that the DOT does not invariably supersede a VE's testimony; if the VE's explanation for an apparent conflict is reasonable, the ALJ can rely upon the VE's testimony. *Id.* Furthermore, SSR 00-4p explicitly states that an VE's experience in the vocational field can provide a reasonable explanation when their testimony conflicts with the DOT. *Id.*

In sum, the VE noted that the DOT did not expressly address the question of overhead reaching, which is the limitation Plaintiff relies upon. R. 71. He explained that, because the DOT did not cover this area, his testimony that the hypothetical individual limited to medium work and other limitations – including occasional overhead reaching – could perform the three identified jobs, was based upon his 35 years of vocational experience. SSR 00-4p explicitly states that this type of evidence permits an ALJ to rely upon a VE's testimony that appears to conflict with the DOT. Hence, there is no basis to find that the ALJ failed to comply with the requirements in SSR 00-4p; she committed no legal error in that regard.

2.   The ALJ Properly Accounted for Plaintiff's Walking and Standing Ability

Finally, Plaintiff maintains that the ALJ erred, in that her RFC assessment did not expressly quantify the number of hours in a workday he could stand and walk. Pl. Br. at 7-10. Plaintiff

notes that several doctors have opined that he can stand and/or walk for seven hours in a workday or stand and/or walk for six hours in a workday. *Id.* at 7-8 (citing R. 93, 111 (Drs. Smith and Ching), R. 1134, 1535 (Dr. Monafred)). He argues that, pursuant to SSR 96-8p, the ALJ was required to quantify in her RFC assessment precisely how many hours he could stand or walk and her decision that he could perform medium work failed to comply with applicable authority. *Id.* at 8. As explained below, this argument lacks merit.

Plaintiff ignores SSR 83-10, which provides, in relevant part, that "a full range of medium work requires standing or walking, **off and on**, for a total of approximately 6 hours in an 8-hour workday . . . ." 1983 WL 31251, *6 (emphasis added). By finding that Plaintiff could perform medium work, the ALJ necessarily determined that Plaintiff could stand or walk, off and on, for approximately six hours in an eight hour workday. *Id.* This finding is well-supported in the record, because each doctor the Plaintiff relies upon opined that Plaintiff could stand or walk for at least six hours in an eight hour workday. Hence, even if Plaintiff is correct that the ALJ should have expressly included in the RFC assessment that Plaintiff could stand or walk for at least six hours in an eight hour workday,[12] that error would be harmless since her finding that he can perform medium work necessarily includes that finding. *See Rutherford*, 399 F.3d at 552 (there is no need to remand if correction of the alleged error would not change the outcome of the case).

Implementing and Judgment Orders follow.

---

[12] It is unlikely that this court could find error simply because the ALJ failed to use any specific terminology or phraseology in her decision. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).